People v Anderson (2023 NY Slip Op 03628)

People v Anderson

2023 NY Slip Op 03628

Decided on June 30, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 30, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., BANNISTER, MONTOUR, AND GREENWOOD, JJ.

466 KA 19-00542

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JEFFREY ANDERSON, DEFENDANT-APPELLANT. 

JULIE CIANCA, PUBLIC DEFENDER, ROCHESTER, BANASIAK LAW OFFICE, PLLC (PIOTR BANASIAK OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Monroe County Court (John L. DeMarco, J.), rendered February 25, 2019. The judgment convicted defendant upon a jury verdict of course of sexual conduct against a child in the first degree and course of sexual conduct against a child in the second degree. 
It is hereby ORDERED that the case is held, the decision is reserved and the matter is remitted to Monroe County Court for further proceedings in accordance with the following memorandum: On appeal from a judgment convicting him upon a jury verdict of course of sexual conduct against a child in the first degree (Penal Law § 130.75 [1] [a]) and course of sexual conduct against a child in second degree
(§ 130.80 [1] [a]), defendant contends that he was denied his right to be present during the Sandoval conference. As the People correctly concede, the record does not establish whether defendant was present at the Sandoval conference. Because the outcome of the conference was not "wholly favorable and the surrounding circumstances do not negate the possibility that defendant might have made a meaningful contribution to the colloquy," we cannot conclude from this record that defendant's presence would have been superfluous (People v Favor , 82 NY2d 254, 267 [1993], rearg denied 83 NY2d 801 [1994]). We therefore hold the case, reserve decision, and remit the matter to County Court for a reconstruction hearing on whether defendant was present (see People v Goodman , 275 AD2d 969, 969 [4th Dept 2000]; People v Jenner , 202 AD2d 986, 986 [4th Dept 1994]).
Entered: June 30, 2023
Ann Dillon Flynn
Clerk of the Court